Margaret SLADE, for the ESTATE OF Lawrence SLADE, Deceased, Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE, Defendant–Appellee.

No. 90–5246.

United States Court of Appeals, Tenth Circuit.

Dec. 26, 1991.

---

Michael James King, M. Jean Holmes of Winters, King & Associates, Tulsa, Okl., for plaintiff-appellant.

Jesse L. Butler, Asst. Gen. Counsel, James A. Friedman of the Office of Labor Law, Washington, D.C., and Tony M. Graham, U.S. Atty., Kathleen Bliss Adams, Asst. U.S. Atty., Tulsa, Okl., for defendant-appellee.

Before ANDERSON, BARRETT, and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

## FACTS

In 1971, Plaintiff, a black male, began his quest for employment with the United States Postal Service (USPS) by taking a written examination. His name was placed on the employment register. Early in 1975, he took the clerk-carrier examination, and his name was placed on the USPS clerk-carrier register. In 1975 he was called for training, but was rejected because he was on probation for a misdemeanor conviction. Thereafter, he obtained a release from probation and was accepted into pre-employment training. He was again called for employment in April 1976, but was not hired because, in the interim, he had received a third misdemeanor conviction.

Thereafter, Plaintiff filed an informal complaint with the Equal Opportunity Employment Commission (EEOC), asserting that he was unjustly denied employment. Various appeals between the EEOC and the EEO Division of the Postal Service ensued. The events pertinent to this appeal are set forth below.

An EEOC complaint examiner issued findings that the USPS's policy of basing a decision not to hire on an applicant's criminal convictions had an adverse impact on black applicants because more blacks than whites had arrest records. She concluded that Plaintiff had been denied employment due to his race and recommended that

Plaintiff be offered employment and awarded back pay, benefits, and attorney's fees. The USPS rejected the recommendation on the ground that Plaintiff had shown no evidence of disparate treatment or racial discrimination.

Plaintiff appealed the USPS's decision to the EEOC. The EEOC found that the USPS had discriminated against Plaintiff on the basis of his race and ordered the USPS to implement the corrective action of reevaluating Plaintiff's convictions to determine whether they were job related. No back wages or attorney's fees were awarded to Plaintiff. On March 18, 1987, the USPS issued its report stating that it had reviewed Plaintiff's convictions and had found them to be job related. The USPS determined that the convictions would have made Plaintiff unfit for employment in 1976. The USPS also determined that since the convictions were by then over ten years old, they would not be considered if Plaintiff chose to submit a current application for employment.

On the date of the USPS's written reevaluation of Plaintiff's convictions, Plaintiff filed his Title VII case in federal district court seeking past wages and attorney's fees. The district court dismissed the action because (1) Plaintiff had failed to name the proper defendant, Postmaster General of the United States, and (2) Plaintiff had not served the Defendant within the limitations period. This court reversed, concluding that because Plaintiff served the Attorney General by mailing the Summons and Complaint on the last day of the limitations period, the requirements were met for relation back of the amendment of pleadings changing a party. *Slade v. United States Postal Serv.,* 875 F.2d 814 (10th Cir.1989) (per curiam).

After remand, the USPS moved for summary judgment. Plaintiff then withdrew his claim for lost wages because "after time to consider the matter, it appear[ed] that the hiring policies and procedures of the U.S. Postal Service [were] no longer discriminatory toward plaintiff. Therefore plaintiff [withdrew] his claim for lost wages." District Court Order at 5, (citing Plaintiff's response brief to summary judgment motion), Appellant's App.

Plaintiff moved for summary judgment for attorney's fees, claiming he was a prevailing party under 42 U.S.C. § 2000e-5(k). The magistrate judge recommended dismissal of the case for lack of jurisdiction over what was at that point a bare claim for attorney's fees. Without addressing the jurisdictional issue, the district court dismissed Plaintiff's case, with prejudice, on the ground that he was not a prevailing party under 42 U.S.C. § 2000e-5(k).[1] Plaintiff appeals the dismissal of his claim for attorney's fees.

## SUBSTITUTION OF PARTY

The USPS moved to dismiss this appeal on the ground that Plaintiff died before entry of the district court's order, and substitution of a personal representative was not made in the district court. The Motion to Dismiss Appeal for Lack of Jurisdiction is denied.

Plaintiff died on August 5, 1990. The district court entered its order dismissing the action on October 16, 1990. On November 13, 1990, Plaintiff's attorney of record filed a Notice of Appeal. On March 5, 1991, Plaintiff's wife filed her motion in this court requesting that she be substituted as Plaintiff. No personal representative of Plaintiff's estate has been appointed.

The USPS maintains that substitution can be had only if the party dies after judgment was entered by the district court or after the notice of appeal is filed. Fed. R.App.P. 43(a) states, however, that if a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by that party's attorney

---

1. No final judgment was entered by the district court. The judgment is nonetheless final and appealable since there is no question about the finality of the court's decision. *Aviles v. Lutz,* 887 F.2d 1046, 1047–48 n. 1 (10th Cir.1989). Technical compliance with the rules for entry of a judgment may be waived by the parties. *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 1119, 55 L.Ed.2d 357 (1978); *Stubbs v. United States,* 620 F.2d 775, 776 n. 1 (10th Cir.1980).

of record if there is no personal representative. This court is not divested of jurisdiction where a party has died prior to entry of judgment in the district court but substitution was not requested in the district court. *See Coffee v. Cutter Biological,* 809 F.2d 191, 193 n. 1 (2d Cir.1987) (party died before entry of trial court's judgment; court of appeals ruled on merits of appeal).

■ Rule 43(a) further provides that "[a]fter the notice of appeal is filed substitution shall be effected in the court of appeals in accordance with this subdivision." Any party may suggest a death on the record if the deceased party has no representative, and proceedings shall then be had as the court of appeals may direct. Rule 43(a). Therefore, Rule 43(a) contemplates the filing of a notice of appeal and substitution of a party after the death of the party.

■ Accordingly, Mrs. Slade may be substituted as Plaintiff if the action survives his death. "The question of the survival of an action grounded in federal law is governed by federal common law when, as here, there is no expression of contrary intent." *Smith v. Department of Human Servs.,* 876 F.2d 832, 834 (10th Cir.1989). "[I]f federal law does not provide a rule of decision in a civil rights case, federal law will incorporate the appropriate state law, unless that law is 'inconsistent with the Constitution and laws of the United States.'" *Bennett v. Tucker,* 827 F.2d 63, 67 (7th Cir.1987) (quoting 42 U.S.C. § 1988). The relevant law here is the state statute for survival of personal injury actions. *See id.* at 67–68. Okla.Stat.Ann. tit. 12, § 1051 (West 1988) states that a cause of action for injury to the person shall survive the claimant's death. Accordingly, the pending claim in this case survived the Plaintiff's death, and Plaintiff's wife, Margaret A. Slade, is substituted as Plaintiff.

## STANDARD OF REVIEW

■ We review summary judgment de novo, applying the same legal standard employed by the district court under Fed. R.Civ.P. 56(c). *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir.1990).

Summary judgment is appropriate only if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The subject matter jurisdiction of the district court is a question of law reviewable de novo on appeal. *Downtown Medical Center v. Bowen,* 944 F.2d 756, 762 (10th Cir. 1991); *accord Kennedy v. Freeman,* 919 F.2d 126, 128 (10th Cir.1990).

## JURISDICTION

■ The USPS argues that the district court was without jurisdiction in this case because after he abandoned his claim for back wages, the only relief requested by Plaintiff was attorney's fees. The issue presented is: If a plaintiff brings a Title VII action for both back wages and attorney's fees, including attorney's fees for administrative proceedings, and then voluntarily abandons the back wages claim, does the district court have jurisdiction over the claim for attorney's fees.

The magistrate judge recommended dismissal of the action on the ground that the district court lacked subject matter jurisdiction over Plaintiff's attorney's fees claim. Report and Recommendation of U.S. Magistrate at 3, Appellant's App. The district judge did not address the jurisdictional issue in ruling that Plaintiff was not a prevailing party and therefore not entitled to attorney's fees under § 2000e–5(k).

The USPS relies on *North Carolina Department of Transportation v. Crest Street Community Council, Inc.,* 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986) for its position that an independent suit solely for attorney's fees is not authorized. The attorney fee statute applied in *Crest Street* was 42 U.S.C. § 1988, which provides for attorney's fees to the prevailing party in "any action or proceeding to enforce a provision of ... [T]itle VI of the Civil Rights Act of 1964 ..." *Id.* at 12, 107 S.Ct. at 340 (quoting § 1988). In its holding that an independent action for attorney's fees is not authorized by § 1988, the Court considered the plain language of the statute, *"in the action or proceeding to enforce*

the civil rights laws listed...." *Id.* (emphasis in original).

Here, Plaintiff's claim for attorney's fees was brought pursuant to § 2000e-5(k), which provides for attorney's fees to the prevailing party "[i]n any action or proceeding under this subchapter [2000e]." The applicable statute here does not require that the federal court proceeding be brought *to enforce* the laws set forth in § 2000e. Therefore, *Crest Street* is not dispositive of the issue of jurisdiction in this case.

In *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), the civil rights plaintiff sued in federal court alleging that the defendant violated Title VII by failing to hire her because she was black. She had previously filed administrative and judicial proceedings in the state system, resulting in orders directing defendant to offer plaintiff employment and back wages, but not awarding attorney's fees. Plaintiff's federal suit also requested attorney's fees incurred in both state and federal proceedings. A settlement on the merits was reached before trial in the federal lawsuit, leaving for judicial resolution only the issue of attorney's fees.

The Court concluded that "[42 U.S.C. § 2000e-5(f)(1) ]'s authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorney's fees for legal work done in state and local proceedings." *Id.* at 66, 100 S.Ct. at 2032 (footnote omitted). The Court noted that if fees were authorized only where plaintiff had grounds independent of those for attorney's fees to bring suit under Title VII, such independent grounds usually would not be difficult to find. An incentive to proceed to federal court as soon as possible, such as the availability of a fee award, would undermine the congressional intent to encourage full use of state remedies. *Id.* at 66 n. 6, 100 S.Ct. at 2032 n. 6.

One of the primary purposes of Congress in enacting § 2000e-5(k) was to "make it easier for a plaintiff of limited means to bring a meritorious suit." *Id.* at 63, 100 S.Ct. at 2030 (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420, 98 S.Ct. 694, 699, 54 L.Ed.2d 648 (1978)). In order to accomplish that goal, the federal courts retain the "ultimate authority" to enforce Title VII. *Jones v. American State Bank*, 857 F.2d 494, 497-98 (8th Cir. 1988); *see also Manders v. Oklahoma, ex rel. Dep't of Mental Health*, 875 F.2d 263, 267 (10th Cir.1989) ("The *Carey* Court reasoned that to effectuate Congress' purpose in enacting [42 U.S.C. § 2000e-5(k) ]—making it easier for a plaintiff of limited means to bring a meritorious suit—attorneys' fees must be available to compensate counsels' efforts in required administrative proceedings to prevent plaintiffs from being deterred from pursuing meritorious claims by the prospect of having to pay fees.").

Therefore, we hold that the district court had jurisdiction over Plaintiff's claim for attorney's fees, including fees incurred in required administrative proceedings,[2] in this lawsuit brought under Title VII.

### PLAINTIFF'S STATUS AS A "PREVAILING PARTY"

■ The provision for counsel fees in 42 U.S.C. § 1988 was patterned upon the attorney's fees provisions of 42 U.S.C. §§ 2000a-3(b) and 2000e-5(k). *Hanrahan v. Hampton*, 446 U.S. 754, 758 n. 4, 100 S.Ct. 1987, 1989 n. 4, 64 L.Ed.2d 670 (1980). Therefore, cases addressing prevailing party status under § 1988 govern cases brought pursuant to § 2000e-5(k). *See Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 130 (10th Cir.1980) (same standard is to be applied in awarding fees under sections 1988 and 2000e-5(k)).

Plaintiff asserts that he is a prevailing party because of: (1) the reversal on appeal of the district court's dismissal of Plain-

---

2. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. at 61-62 n. 2, 100 S.Ct. at 2030 n. 2 ("In cases involving federal employees, all the Courts of Appeals that have considered the question have upheld fee awards under [§ 2000e-5(k) ] for work done in federal administrative proceedings that must be exhausted as a condition to filing an action in federal court." (Citations omitted)).

tiff's case for failure to name the proper defendant and to timely serve the USPS in *Slade v. United States Postal Service*, 875 F.2d 814 (10th Cir.1989) (per curiam); (2) the EEOC Complaint Examiner's Recommended Decision, issued March 19, 1984, finding that Plaintiff was discriminated against on the basis of his race when he was removed from the USPS's hiring register due to his arrest and conviction record; and (3) the final decision of the EEOC dated February 17, 1987, finding that the USPS had discriminated against Plaintiff on the basis of race when it removed him from the hiring register because of his criminal record without considering the specific circumstances of the convictions to determine if they were job related.

Plaintiff's successful appeal does not establish him as a prevailing party because the only relief afforded to Plaintiff was to permit the case to go forward on the merits. Unless a party has established his entitlement to some relief on the merits of his claims, he is not a prevailing party entitled to an award of attorney's fees. *Hanrahan v. Hampton*, 446 U.S. at 757, 100 S.Ct. at 1989. Accordingly, Plaintiff's success in his prior appeal does not establish him as a prevailing party within the meaning of § 2000e–5(k).

Plaintiff also was not a prevailing party by virtue of the March 19, 1984, recommended decision of the EEOC Complaint Examiner. Because the EEOC's interim recommendation was not a final decision and because the USPS rejected the interim recommendation, Plaintiff was not a prevailing party. *See* 29 C.F.R. § 1613.220(d).

Plaintiff finally claims prevailing party status because the last decision of the EEOC found that the USPS had discriminated against Plaintiff on the basis of race and because the USPS eventually evaluated his convictions under a nondiscriminatory standard. "[A]t a minimum, to be considered a prevailing party ..., the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between [him]self and the defendant.... [A] technical victory may be so insignificant ... as to be insufficient to support prevailing party status." *Texas State Teachers Ass'n v. Garland Indep. School Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989); *accord Estate of Farrar v. Cain*, 941 F.2d 1311 (5th Cir.1991). The ordinary language of the attorney's fees statute requires that a plaintiff "receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987).

Here, the outcome of the case did not change the legal relationship between Plaintiff and the USPS. Plaintiff was deemed ineligible for employment prior to the filing of a complaint. Plaintiff was deemed to have been ineligible for employment at the conclusion of the proceedings. The USPS was not required by the EEOC or the court to offer Plaintiff employment, or to pay back wages or benefits. Furthermore, if Plaintiff had pursued his lawsuit, he could not have prevailed on his claim for back wages because he admits that the USPS's reevaluation was not discriminatory.

Plaintiff maintains that he is a prevailing party because he obtained the right to be evaluated by the USPS based on nondiscriminatory criteria. Plaintiff's success, however, was purely technical. Therefore, he did not satisfy even a "generous formulation" of prevailing party status. *Texas State Teachers*, 489 U.S. at 792, 109 S.Ct. at 1493. Because Plaintiff was not a prevailing party, he is not entitled to an award of attorney's fees pursuant to § 2000e–5(k). *See Hewitt v. Helms*, 482 U.S. at 761–62, 107 S.Ct. at 2676 (plaintiff not a prevailing party because "[a]s a consequence of the present lawsuit, [the plaintiff] obtained nothing from the defendants").

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.