19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Patrick D. RAMIREZ, Plaintiff-Appellant,
v.
J.D. BEATTY, et al., Defendants-Appellees.
 No. 93-2306.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 From May 23, 1989 to November 12, 1989, Patrick D. Ramirez was incarcerated at the Howard County Jail in Kokomo, Indiana, under circumstances which he claims violated his constitutional rights. He filed this action against various Howard County employees seeking compensatory and punitive damages pursuant to 42 U.S.C. Sec. 1983. In his complaint Ramirez challenged the lawfulness of his arrest, the conditions of his confinement, the denial of adequate medical care, and the denial of access to courts. The district court granted summary judgment to the defendants and Ramirez appeals.
 
 
 2
 Following his conviction for criminal conversion, Ramirez was sentenced on February 26, 1988, to a one-year term of imprisonment and fined $500.00. He posted an appeal bond and was released. After the Indiana Appellate Court affirmed his conviction, a post-sentencing hearing was scheduled for April 5, 1989. Ramirez failed to appear at the hearing. The Howard County Court found that Ramirez's failure to appear violated the terms of his appeal bond and it issued a bench warrant for his arrest. Ramirez was arrested pursuant to the April 1989 warrant and taken into custody. He was immediately released, however, when it was discovered that his petition for rehearing of the affirmance of his conviction was pending with the Indiana Court of Appeals. The petition was denied, and the Howard County Court set a second post-sentencing hearing for May 10, 1989 and a summons was ordered for Ramirez to appear. The summons was returned showing that Ramirez had not been located. Finding that Ramirez had again violated the conditions of his appeal bond, the trial court issued a second warrant for his arrest. Following his arrest, the trial court revoked the appeal bond and Ramirez was remanded to custody to begin serving his sentence.
 
 
 3
 Ramirez alleges that his arrest on May 23, 1989, was unlawful because the warrant upon which his arrest was purportedly based pertained to circumstances underlying the arrest in April rather than May. As the district court noted, any claim of wrongful arrest is defeated by the fact that a valid bench warrant had been issued on May 10, 1989 and was outstanding at the time of Ramirez' arrest. Juriss v. McGowan, 957 F.2d 345, 350 (7th Cir.1992) (generally, person arrested pursuant to a facially valid warrant cannot prevail on a claim for false arrest) (citing Baker v. McCollan, 443 U.S. 137, 143, 99 S.Ct. 2689, 2694 (1979)). To the extent Ramirez challenged the validity of the May warrant, his claim fails because he has failed show an absence of probable cause underlying the warrant. Maxwell v. City of Indianapolis, 998 F.2d 431, 434 (7th Cir.1993) (issue of probable cause is appropriate for summary judgment disposition where the facts supporting the probable cause determination are not in dispute); see also Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir.1989) (existence of probable cause is an absolute bar to Sec. 1983 claim for unlawful arrest). Ramirez also claims that the district court erred in dismissing his challenge to the April 1989 arrest. Even if presented in his original complaint, as he contends, the two-year statute of limitations applicable to Sec. 1983 claims had run on this claim, thereby precluding him from pursuing the claim. Loy v. Clamme, 804 F.2d 405, 407 (7th Cir.1986).
 
 
 4
 While incarcerated, Ramirez complained of weakness and fatigue allegedly related to his diabetic condition. He was treated by Dr. David, but complains that, for a period of time, the doctor failed to prescribe proper medication and diet. When a prescription and special diet was ordered, Ramirez alleges that both the doctor and several other defendants failed to ensure that it was properly administered. In a separate order, the district court granted summary judgment to Dr. David[1] on the grounds that the plaintiff had failed to demonstrate the defendant's personal responsibility for the alleged failure to administer the prescribed medication and diet, see Wilks v. Young, 897 F.2d 896, 898 (7th Cir.1990), and because Ramirez had failed to show that the alleged inadequate treatment was due to more than mere negligence or inadvertence. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir.1991). Ramirez does not challenge this finding on appeal, but contends only that the district court failed to address his claim that the remaining defendants had intentionally denied and delayed medical treatment once it had been prescribed.
 
 
 5
 Ramirez argues that the defendants knew of his prescribed medical treatment but failed and refused to provide it in accordance with the doctors written instructions. Summary judgment was inappropriate, he argues, because the defendants failed to show that the he received his prescribed diet or medication. Ramirez misconceives his burden. To defeat a motion for summary judgment, Ramirez must show that there is a genuine issue of material fact, or in other words that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). To establish a violation of the Eighth Amendment, Ramirez must allege acts or omissions which are "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. A prison official will be considered "deliberately indifferent" to the inmate's needs only if he had " 'actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the [ ] failure to prevent it.' " McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir.1991) (citing Duckworth v. Franzen, 780 F.2d 645, 652-53 (7th Cir.1985)), cert. denied, 112 S.Ct. 1265 (1992). The record here provides no evidence to support an inference that the defendants' alleged failure to administer the prescribed medical treatment rose to a level of deliberate indifference. The only evidence concerns complaints pertaining to the prescribed diet. These complaints were addressed and Ramirez concedes that he received foods which met his dietary restrictions. That the complaints may not have been handled as efficiently as possible does not indicate an intentional or deliberate attempt to ignore Ramirez' needs. See Duane v. Lane, 959 F.2d 673, 676 (7th Cir.1992) (challenges to the reasonableness of the defendant's efforts raises a question of negligence, and negligence is not sufficient to satisfy "deliberate indifference").
 
 
 6
 Ramirez also complained of being housed in a cell without running water and an inoperable toilet. Conditions of confinement which "deprive inmates of the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347-49 (1981), or constitute a deprivation of "basic human needs" may establish an Eighth Amendment violation. James v. Milwaukee county, 956 F.2d 696, 699 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992). In determining whether these conditions rise to the level of a constitutional violation, they are to be judged against "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346. At the county jail, inmates are assigned to cellblocks, as opposed to individual cells. Given this policy, doors of cells with inoperable plumbing were left unlocked to enable inmates to access cells with working facilities. Ramirez acknowledges that he was deprived of use of operable facilities only within his cell and had access to other cells which contained working plumbing. Any inconvenience this may have caused cannot be considered sufficiently grave to invoke Eighth Amendment liability. Moreover, the defendants acknowledged awareness of these conditions and stated that repairs were effected as soon as possible. Actions taken to alleviate the inconvenience refute any suggestion that the defendants acted with "total unconcern" for Ramirez' welfare. See Duane, 959 F.2d at 676.
 
 
 7
 Finally, Ramirez' complaint alleged that on September 1, 1989 he was denied access to legal materials and because of this he was unable to file a timely petition for a writ of certiorari. Although Ramirez attempts on appeal to present this issue also as a challenge to the adequacy of the prison law library, it was not raised as such before the district court and therefore is waived. United States v. Lopez, 6 F.3d 1281, 1287 (7th Cir.1993). To establish a violation of the right of access to courts, an inmate must show that prison officials failed "to assist [ ] in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," Bounds v. Smith, 430 U.S. 817, 828 (1977), and "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992); Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir.1992). Ramirez testified that he was denied access to the law library only one day and had used the library on other occasions. (Doc # 61, Exh. B at 52). He further admitted that he had discussed preparation of his writ with a local attorney and had requested and received outside assistance in obtaining legal materials. Id. at 55, 59. Thus, even if Ramirez had challenged the adequacy of the library, his claim would still fail the first part of the test. Ramirez' claim that his failure to file a timely petition for a writ of certiorari was directly caused by the denial of legal materials on one day is insufficient to establish a causal link. Moreover, the showing of a detriment is waived only where the inmate alleges "a direct substantial and continuous, rather than a 'minor and indirect' limit on legal materials." Jenkins, 977 F.2d at 268 (quoting DeMallory v. Cullen, 855 F.2d 442, 448-49 (7th Cir.1988)). The opposite is shown here. By isolating the challenged conduct, Ramirez cannot also allege a continuous denial of access to legal materials.
 
 
 8
 For these reasons, we agree with the district court that the defendants were entitled to summary judgment and we AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Although prior to deciding the motion for summary judgment the district court was informed by Dr. David's counsel that the doctor had died, the court elected to proceed with Dr. David as a party. The fact that Dr. David had died prior to the entry of judgment in the district court does not divest this court of jurisdiction when no substitution was requested. See Slade v. United States Postal Service, 952 F.2d 357, 360 (10th Cir.1991) (citing Coffee v. Cutter Biological, 809 F.2d 191, 193 n. 1 (2d Cir.1987)). But see Fed.R.Civ.P. 25(a) (motion for substitution must be made within 90 days after the death is suggested on the record by service of a statement of the fact of the death)