**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Gary R. LITLER, Defendant.**

**Civ. No. 88–C–619 G.**

United States District Court,
D. Utah,
Central Division.

Nov. 7, 1994.

---

John L. Hunter, Asst. Litigation Counsel, Div. of Enforcement, Securities and Exchange Com'n ("SEC"), Washington, DC, for plaintiff.

Clark W. Sessions and Cynthia K.C. Meyer of Campbell, Maack & Sessions, Salt Lake City, UT, for defendant.

### MEMORANDUM DECISION AND ORDER RE: COSTS AND FEES

J. THOMAS GREENE, District Judge.

### BACKGROUND

This matter came on for trial before the court, without a jury, on October 19–21, 1993. Thereafter, the court heard closing arguments on February 28, 1994. Plaintiff was represented by John L. Hunter, Assistant Litigation Counsel, Division of Enforcement, Securities and Exchange Commission ("SEC"). Defendant was represented by Clark W. Sessions and Cynthia K.C. Meyer of Campbell, Maack & Sessions.

On March 31, 1994, this court issued a Memorandum Decision and Order, and an Order for Judgment. This court found that Littler violated Section 17(a)(2) of the Securities Act by negligently sending two materially misleading letters to shareholders, one on February 5, 1986, and the other on March 20, 1986, in connection with the offer or sale of a security. However, the court also concluded that the injunctive relief sought by the SEC would be excessive on the facts of this case.

Defendant now has filed an Application for Costs and Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), which is opposed by the SEC. The parties, by stipulation, submitted the matter on the papers.

### DISCUSSION

The EAJA is a fee shifting statute, which provides, in pertinent part:

(a)(1) Except as otherwise specifically provided by statute, a judgment for costs ... may be awarded to the prevailing party in a civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action....

. . . .

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(a)(1), (d)(1)(A).

Thus, there are two conditions precedent to an award of fees: first, the party seeking

the award must have prevailed in the action; and second, the position of the United States must not have been substantially justified.

Defendant contends that he is entitled to an award of costs and fees because he is the prevailing party and because the government's position lacked substantial justification. The government disputes both contentions.

### A. Prevailing Party

The EAJA permits recovery of fees and costs by a *prevailing party* against the government absent a showing that the government's position was substantially justified. Here, there is a dispute as to whether defendant Littler is properly characterized as a prevailing party, given this court's finding that he violated Section 17(a)(2) of the Securities Act on two separate occasions. The SEC maintains that defendant cannot be considered a prevailing party given such a finding. In response, defendant argues that the SEC sought an injunction against defendant, and no such injunction was issued by this court.

 When seeking fees and costs from the government, a defendant is a prevailing party when judgment on the merits of the plaintiff's claim results in no material alteration of the legal relationship between the parties or modification of the defendant's behavior in a way that directly benefits the plaintiff. *See Farrar v. Hobby,* — U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494, 503 (1992). Unless a party has established an entitlement to some relief on the merits, he is not a prevailing party for the purpose of awarding costs and/or fees. *See Slade v. United States Postal Service,* 952 F.2d 357, 362 (10th Cir.1991).

This court determines that defendant cannot be considered the prevailing party for the purposes of recovering costs and fees. Although this court stopped short of enjoining defendant from further violations of securities laws, defendant was found to have violated securities laws on two occasions by disseminating materially misleading letters to shareholders. Such a finding materially alters the relationship between defendant and the SEC because, for the next five years, federal regulations will require defendant to disclose the violations to shareholders and prospective investors should he serve as an officer, director, or promoter of a public corporation. *See* 17 C.F.R. § 229.401. Because such violations must be disclosed to future shareholders and investors, defendant cannot be properly considered a prevailing party as required by 28 U.S.C. § 2412. Accordingly, an award of costs and fees would be inappropriate.

### B. Substantial Justification

The court is similarly persuaded that the government has met its burden of showing that its claims were substantially justified. The SEC's claims had a reasonable basis in fact and law, notwithstanding this court's ultimate determination that defendant lacked scienter and that injunctive relief was unwarranted. Accordingly, it is hereby

**ORDERED,** that defendant's Application for Costs and Fees pursuant to 28 U.S.C. § 2412 is **denied.**

**IT IS SO ORDERED.**