**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD L. PORTER,
                    *Plaintiff-Appellant,*

v.

DONALD C. WINTER, Secretary of
the Department of the Navy;
ATTORNEY GENERAL OF THE UNITED
STATES; LAW OFFICE OF ELAINE W.
WALLACE; U.S. DEPARTMENT OF
JUSTICE, OFFICE OF THE UNITED
STATES ATTORNEY,
                    *Defendants-Appellees.*

No. 07-17120

D.C. No.
CV-06-00880-LJO

OPINION

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted
September 17, 2009—San Francisco, California

Filed May 5, 2010

Before: Mary M. Schroeder, Stephen Reinhardt and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Reinhardt

## COUNSEL

Lizbeth Veronica West (argued), Charles L. Post, Weintraub Genshlea Chediak Law Corporation, Sacramento, California, for the plaintiff-appellant.

Lynn T. Ernce, Assistant U.S. Attorney, Sacramento, California, for the defendants-appellees.

## OPINION

REINHARDT, Circuit Judge:

Ronald Porter, a former civilian employee of the Navy, brought a complaint before the Equal Employment Opportu-

nity Commission ("EEOC") alleging gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. The EEOC found the Navy liable for retaliation, but not gender discrimination. Porter sought to recover the attorney's fees and costs he incurred in the Title VII administrative proceedings, but the Navy awarded him only a fraction of the amount he requested. After reviewing the Navy's fee decision, the EEOC slightly increased the award.

Porter filed a complaint in district court challenging the amount of attorney's fees awarded to him in the Title VII administrative proceedings. The district court dismissed the complaint for lack of subject matter jurisdiction, reasoning that it did not "have jurisdiction to adjudicate solely a claim for attorney's fees without a claim of a substantive violation of Title VII." Porter appeals that ruling. We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision de novo. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954 n.4 (9th Cir. 2009).

We conclude that, under *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980), federal courts have subject matter jurisdiction over claims brought solely to recover attorney's fees incurred in Title VII administrative proceedings. Accordingly, we reverse.

## ANALYSIS

A federal employee who is aggrieved by the Equal Employment Opportunity Commission's final disposition of his Title VII complaint may file a civil action. 42 U.S.C. § 2000e-16(c). Three of the statutory provisions that govern such actions are relevant to this appeal:

- 42 U.S.C. § 2000e-5(f)(1) permits an aggrieved person to bring a civil action;

- 42 U.S.C. § 2000e-5(f)(3) provides that "[e]ach United States district court . . . shall have juris-

diction of actions brought under this subchapter"; and

- 42 U.S.C. § 2000e-5(k) provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee".

*See also id.* § 2000e-16(d) (providing that civil actions brought by federal employees are governed by 42 U.S.C. §§ 2000e-5(f)-(k)).

The Supreme Court interpreted these provisions in *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54 (1980). The plaintiff in *Carey* filed a complaint in district court seeking attorney's fees, back pay, and other relief under Title VII. *Id.* at 58. The parties later agreed to the dismissal of all claims except the request for attorney's fees, a portion of which was based on expenses incurred in state administrative proceedings. *Id.* at 59. The question before the Court was thus "whether, under Title VII of the Civil Rights Act of 1964, a federal court may allow the prevailing party attorney's fees for legal services performed in prosecuting an employment discrimination claim in *state* administrative and judicial proceedings that Title VII requires federal claimants to invoke." *Id.* at 56 (emphasis in original).

**[1]** The Court first addressed the plaintiff's entitlement to attorney's fees, and concluded that "[t]he words of [42 U.S.C. § 2000e-5(k)] leave little doubt that fee awards are authorized for legal work done in 'proceedings' other than court actions," including federal and state administrative proceedings. *Carey*, 447 U.S. at 61-62. The Court then addressed the proper forum for seeking those fees, and concluded that Title VII authorizes "a civil suit in federal court . . . *solely to obtain an award of*

*attorney's fees* for legal work done in state and local proceedings."**[1]** *Id.* at 66 (emphasis added).

Notwithstanding *Carey*'s clear statement that Title VII authorizes a civil suit in federal court "solely to obtain an award of attorney's fees," 447 U.S. at 66, the Navy asserts that *Carey* does not control the outcome of this case. First, it argues that the cases are factually distinguishable because in *Carey*, the plaintiff's original complaint in federal court asserted substantive Title VII claims in addition to the claim for attorney's fees. Here, in contrast, Porter's original complaint in federal court asserted only a claim for attorney's fees. Two other circuits have considered the argument now advanced by the Navy. The Fourth Circuit held that *Carey* does not apply to a factual situation like the one now before us, *Chris v. Tenet*, 221 F.3d 648, 654 (4th Cir. 2000), while the Eight Circuit rejected the argument, now asserted by the Navy, as "a distinction without a difference." *Jones v. American State Bank*, 857 F.2d 494, 497 (8th Cir. 1988).

**[2]** We agree with the Eighth Circuit. The *Carey* majority stated its conclusion in a manner that clearly applies to claims originally brought solely to recover attorney's fees incurred in Title VII administrative proceedings:

> Since it is clear that Congress intended to authorize fee awards for work done in administrative proceedings, we must conclude that [42 U.S.C. § 2000e-

---

**[1]**This conclusion applies *a fortiori* to attorney's fees for legal work done in federal administrative proceedings, because the Court considered and rejected the argument that the Title VII fee shifting provision authorized fee awards "only for work done in federal administrative proceedings, such as those before the EEOC, but not for state administrative or state judicial proceedings." *Carey*, 447 U.S. at 61-62 (footnote omitted). The Court also noted that "throughout Title VII the word 'proceeding,' or its plural form, is used to refer to all the different types of proceedings in which the statute is enforced, state and federal, administrative and judicial." *Id.* at 62-63.

5(f)(1)'s] authorization of a civil suit in federal court encompasses a suit solely to obtain an award of attorney's fees for legal work done in state and local proceedings.

*Carey*, 447 U.S. at 66; *see also id.* at 71 (concluding that 42 U.S.C. §§ 2000e-5(f) and 2000e-5(k) "authorize a federal-court action to recover an award of attorney's fees"). Although one justice objected that "[w]hether Congress intended to authorize a separate federal action solely to recover costs, including attorney's fees, incurred in obtaining administrative relief . . . is a question that is plainly not presented by this record," *id.* at 71 (Stevens, J., concurring), none of the six justices in the majority agreed with his contention.[2]

**[3]** The Navy also argues, however, that *Carey* has been limited by the Supreme Court's subsequent decision in *North Carolina Department of Transportation v. Crest Street Community Council, Inc.*, 479 U.S. 6 (1986). In *Crest Street*, the issue before the Court was "whether a court may award attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, in a separate federal action not to enforce any of the civil rights laws listed in § 1988, but solely to recover attorney's fees." *Id.* at 7. In its analysis of that issue, the Court first looked to the plain language of Section 1988, noting that it applies only to an "action or proceeding *to enforce* a provision of . . . [T]itle VI of the Civil Rights Act of 1964." *Id.* at 12 (emphasis added; alterations in the original) (quoting 42 U.S.C. § 1988). The Court determined that a suit brought solely to recover attorney's fees was not an action *to enforce* any of the civil rights statutes listed in Sec-

---

[2]The majority opinion in *Carey* was written by Justice Blackmun and joined in full by Justices Brennan, Stewart, Marshall, and Powell. Chief Justice Burger joined the majority opinion except as to footnote 6, in which the Court "note[d] that if fees were authorized only when the complainant found an independent reason for suing in federal court under Title VII, such a ground almost always could be found." *Carey*, 447 U.S. at 66 n.6.

tion 1988, and thus was not encompassed by the statutory language. *Id.* Next, the Court examined the legislative history of Section 1988, finding it "replete with references to the enforcement of the civil rights statutes in suits, through the courts and by judicial process." *Id.* (citations and internal quotation marks omitted). The Court concluded that "[t]he legislative history clearly envisions that attorney's fees would be awarded for proceedings only when those proceedings are part of or followed by a lawsuit." *Id.* at 14. Accordingly, the Court held that Section 1988 did not authorize "a completely independent action for attorney's fees" in federal court. *Id.* at 16.

In *Crest Street*, the Court acknowledged that "dicta" in its previous opinions, including *Carey*, pointed to a different result than the one it reached. 479 U.S. at 13-15. The Court determined that the policy considerations set forth in those opinions could not overcome the plain language of Section 1988 or the clear intent expressed in its legislative history, and that in any event, the concerns "may have been exaggerated." *Id.* at 14. The Court expressly disavowed *Carey*'s suggestion "that today's holding would create an incentive to file protective lawsuits in order to obtain attorney's fees." *Id.* (citing *Carey*, 447 U.S. at 66 n.6).

Three other circuits have addressed the extent to which *Carey* survives the Supreme Court's decision in *Crest Street*. Because *Crest Street* involved the interpretation of Section 1988, while *Carey* involved the interpretation of Title VII, the Eighth and Tenth Circuits have held that *Crest Street* did not in any manner modify or overrule *Carey*. *Slade v. U.S. Postal Service*, 952 F.2d 357, 360-61 (10th Cir. 1991); *Jones*, 857 F.2d at 498 & n.10. Due in part to *Crest Street*'s "discussion and disavowal of certain policy arguments underlying the *Carey* decision," however, the Fourth Circuit has held that Title VII does not authorize an action in federal court that initially includes only a claim for attorney's fees. *Chris*, 221 F.3d at 654-55.

**[4]** We agree with the Eighth and Tenth Circuits. *Crest Street* did not modify or overrule *Carey*, and although both cases construed fee shifting provisions, the two provisions utilize different statutory language and appear within different statutory schemes. *Crest Street* based its interpretation of Section 1988 on the meaning of the phrase "to enforce," which is absent from Title VII's fee shifting provision, and the legislative history of Section 1988, which is specific to that statute. We are thus bound to follow *Carey*'s interpretation of Title VII, notwithstanding *Crest Street*'s criticism of its reasoning. "If a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decision." *Musladin v. Lamarque*, 555 F.3d 830, 837 (9th Cir. 2009) (alterations in the original) (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)). "The fact that the Supreme Court has expressed some ambivalence about its own jurisprudence does not give us the power to change it." *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir. 2007) (en banc).

**[5]** Even if we were not bound by *Carey*, the structure of Title VII and the plain language of its fee shifting provision would compel us to reach the same result. Through Title VII, Congress "has sought to coordinate the actions of state agencies, federal agencies, state courts and federal courts." *Jones*, 857 F.2d at 497. The purpose of this integrated system of administrative and judicial remedies is to provide complete relief to victims of employment discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975). "One aspect of complete relief is an award of attorney's fees," *Carey*, 447 U.S. at 67-68, and the " 'ultimate authority' to secure compliance with Title VII resides in the federal courts." *Id.* at 64 (quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44-45 (1974)); *accord Slade*, 952 F.2d at 361; *Jones*, 857 F.2d at 497-98. Consistent with that structure, Congress enacted a broadly-worded fee shifting provision that authorizes courts

to award attorney's fees to the prevailing party "*[i]n any action or proceeding under this subchapter.*" 42 U.S.C. § 2000e-5(k) (emphasis added). Nothing in the language of that provision suggests that federal courts may award attorney's fees only to claimants who are compelled to seek other forms of relief as well in the federal courts, and imposing such a limitation would be inconsistent with the responsibility of federal courts to ensure that Title VII claimants ultimately receive complete relief for their injuries.

**[6]** Because 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(k) authorize a civil suit in federal court solely to recover attorney's fees for legal work done in administrative proceedings, Porter's claim qualifies as an "action[ ] brought under this subchapter" for purposes of Title VII's jurisdictional grant. 42 U.S.C. § 2000e-5(f)(3). Accordingly, the district court erred in concluding that it lacked subject matter jurisdiction over Porter's claim.

**REVERSED and REMANDED.**